OPINION
Defendant, Steven W. George, appeals from an order of the court of common pleas overruling his motion to withdraw a guilty plea.
On January 6, 1998, George entered a negotiated plea of guilty to the offense of Gross Sexual Imposition, R.C. 2905.07. The trial court accepted the plea and entered a judgment of conviction. The court then sentenced George to five years incarceration and an additional five years of community control. The court also classified George as an habitual sexual offender.
Six months later, on June 15, 1998, George moved to vacate his guilty plea pursuant to Crim.R. 32.1. As grounds for the relief requested, George alleged ineffective assistance of counsel, error in the court's failure to order a presentence investigation, that his guilty plea was not knowing and voluntary, and that the court had erred in failing to hold a hearing in order to determine his status as an habitual sexual offender. The trial court overruled the motion to vacate by written entry filed on October 7, 1998.
George filed a timely notice of appeal from the order denying his motion. He presents a single assignment of error on appeal, which states:
 THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION TO VACATE HIS SENTENCE. (ENTRY FILED OCTOBER 7, 1998, OVERRULING DEFENDANT'S MOTION TO VACATE.)
Defendant-Appellant's motion to withdraw his guilty plea was made pursuant to Crim.R. 32.1, which states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Because George's motion was filed after his sentence had been imposed, the court could grant the motion only to correct manifest injustice. The Rule does not define "manifest injustice." Reasonably, it means a defect in the proceedings involved in the movant's plea of guilty or no contest that is so fundamental as to have created an injustice that is manifest from the record and which, in order to correct it, justifies an order vacating the resulting conviction.
Crim.R. 32.1 states that, to correct a manifest injustice, the court "may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Rule thus reposes discretion in the trial court with respect to whether or not to exercise its power pursuant to the Rule.Crider v. Maxwell (1963), 174 Ohio St. 190. When a trial court acts within its discretion, an appellate court may reverse only for an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157.
The trial court considered each of the grounds that George presented in support of his motion and rejected them. More significant to the determination we must make, however, is the fact that the matters alleged with respect to each of those grounds were or are otherwise subject to "correction" to the same extent upon a direct appeal to this court from George's conviction and sentence or by way of a petition for post conviction relief filed in the trial court pursuant to R.C. 2953.21. George did not avail himself of either of those avenues of relief. Therefore, we cannot find that the trial court abused its discretion reposed in it by Crim.R. 32.1 when it declined to correct them by vacating George's conviction to permit him to withdraw his guilty plea.
Our holding should not be construed to mean that the trial court may not grant a Crim.R. 32.1 motion because the movant has not pursued an appeal or filed a motion for post-conviction relief. The power to vacate its own prior judgments is an inherent part of the judicial power which the court exercises. Crim.R. 32.1 merely limits its application after sentence has been imposed to correct a manifest injustice. In that respect, it is a form of extraordinary relief. State v. Smith (1977), 49 Ohio St.2d 261. Therefore, the court may decline to grant relief pursuant to Crim.R. 32.1 after sentence has been imposed when other, ordinary forms of relief are or were available to the movant to achieve the same result. If those forms of relief were not pursued, or were pursued unsuccessfully, the court does not abuse its discretion in declining to apply Crim.R.32.1 on the same grounds.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Suzanne M. Luthe, Esq.
Larry J. Denny, Esq.
Hon. Gerald F. Lorig